IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JYSK BED'N LINEN
as successor to Quick Ship Holding,
Inc., d/b/a By Design Furniture
doing business as
By Design Furniture,

    Plaintiff,

    v.

MONOSIJ DUTTA-ROY,

    Defendant.

CIVIL ACTION FILE
NO. 1:12-CV-3198-TWT

**OPINION AND ORDER**

The Plaintiff moves to alter or amend this Court's prior judgment to award statutory damages to the Plaintiff under the Anticybersquatting Consumer Protection Act. The Defendant has appealed the judgment, and also moves for relief from the judgment under Rule 60. Despite the Defendant's notice of appeal, the Court retains jurisdiction over the Plaintiff's motion to alter or amend judgment pursuant to the Federal Rules of Appellate Procedure. However, the Court does not retain jurisdiction to dispose of the Defendant's motion for relief, which was filed over 28 days after the Court entered judgment. Because the Plaintiff has shown that it is entitled to statutory

damages under the Anticybersquatting Consumer Protection Act, its motion to alter or amend judgment should be granted.

## I. Discussion

"When a party files a notice of appeal before a district court disposes of one of the motions listed in [Federal Rule of Appellate Procedure] 4(a)(4)(A), the notice of appeal 'becomes effective to appeal a judgment ... when the order disposing of the last such remaining motion is entered.'" Hertzner v. Henderson, 292 F.3d 302, 303 (2d Cir. 2002) (citing Fed. R. App. P. 4(a)(4)(B)(i)); see also Fed. R. Civ. P. 62.1 advisory committee's notes ("Appellate Rule 4(a)(4) lists six motions that, if filed within the relevant time limit, suspend the effect of a notice of appeal filed before or after the motion is filed until the last such motion is disposed of."). The motions that suspend the effect of a notice of appeal include timely filed motions "to alter or amend the judgment under Rule 59." Fed. R. App. P. 4(a)(4)(A)(iv). Here, the Plaintiff timely filed its motion to alter or amend the judgment under Rule 59 on the same day that the Defendant filed his notice of appeal. See [Docs. 75 and 76]. Because the Plaintiff's motion was timely, the Court retains jurisdiction to dispose of that motion despite the Defendant's notice of appeal.

The Plaintiff's motion to alter or amend the judgment should be granted because the Plaintiff has shown that it is entitled to statutory damages under the

Anticybersquatting Consumer Protection Act ("ACPA"). See St. Luke's Cataract and Laser Institute, P.A. v. Sanderson, 573 F.3d 1186, 1204-06 (11th Cir. 2009) (noting that a statutory damage award under the ACPA "serves as a sanction to deter wrongful conduct" and is not duplicative of an actual damage award serving to compensate a plaintiff). Accordingly, this Court's Order [Doc. 69] is amended to award the Plaintiff $1,000 in statutory damages for each domain name registered in violation of the ACPA. As stated in that Order, "[t]he Plaintiff is ... entitled to relief pursuant to the ACPA for the Defendant's 2012 registrations of bydesignfurniture.com, bydesignfurniture.org, bydesignfurnitures.com, and bydesign-furnitures.com." [Doc. 69, at 14]. The Plaintiff should accordingly be awarded $4,000 in statutory damages.

Next, the Defendant seeks relief from judgment under Rule 60. [Doc. 84]. As noted, "Appellate Rule 4(a)(4) lists six motions that, if filed within the relevant time limit, suspend the effect of a notice of appeal filed before or after the motion is filed until the last such motion is disposed of." Fed. R. Civ. P. 62.1 advisory committee's notes. Those motions include motions "for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(A). Here, because the Defendant's motion was filed more than 28 days after the Court entered judgment, it is not one of the motions that, under Rule 4(a)(4)(A), suspends the effect of the Defendant's notice of appeal. The Court thus concludes it does not have

jurisdiction to consider the Defendant's Rule 60 motion and accordingly the motion should be denied. See Green Leaf Nursery v. E.I. DuPont De Nemours and Co., 341 F.3d 1292, 1309 (11th Cir. 2003) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal.")); Fed. R. App. P. 12.1 advisory committee's notes ("After an appeal has been docketed and while it remains pending, the district court cannot grant relief under a rule such as Civil Rule 60(b) without remand. But it can entertain the motion and deny it.").

## II.  Conclusion

For the reasons set forth above.  The Plaintiff's Motion to Alter or Amend Judgment [Doc. 75] is GRANTED.  The Plaintiff is awarded $4,000 in statutory damages under the ACPA.  The Defendant's Motion for Relief Under Rule 60 [Doc. 84] is DENIED.

SO ORDERED, this 8 day of January, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge