IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JYSK BED'N LINEN, d/b/a<br>By Design Furniture, as<br>successor to Quick Ship Holding,<br>Inc., d/b/a By Design Furniture,<br><br>    Plaintiff,<br><br>v.<br><br>MONOSIJ DUTTA-ROY<br><br>    Defendant. | Case No.: 1:12-cv-03198-TWT |

FINAL ORDER AND OPINION

I. <u>Background</u>

The Plaintiff, Jysk Bed'N Linen as successor to Quick Ship Holding, Inc., d/b/a By Design Furniture ("Jysk" or the "Plaintiff"), has used the trade name By Design Furniture since 1990, and contends it holds a common law trademark in the name. The Plaintiff is a retailer of furniture that owns stores in Georgia, North Carolina, and New Jersey.

The Plaintiff contended it has used the bydesignfurniture.com trademark since approximately April 1999. The bydesignfurniture.com domain name, however, was registered in the name of the Defendant, Monosij Dutta-Roy ("Dutta-Roy" or the

1

"Defendant"). The Defendant contended he has continually paid for and monitored that website address pursuant to an agreement between the Defendant's predecessor and the Plaintiff. That agreement, entered into between BazaarWorks, LLC, a company the Defendant was affiliated with, and By Design Furniture, a company the Plaintiff has since absorbed, purportedly stated that BazaarWorks would produce a custom website for By Design (the "Partnership Agreement").

The Defendant contended he is the owner of BazaarWorks, and contended that he executed the Partnership Agreement on behalf of BazaarWorks and that Kjell Bratengen executed it for the Plaintiff. (Dutta-Roy Aff. ¶¶ 2-5, 7). Bratengen denies the existence of the Partnership Agreement and Shashi Sonnad, a former employee of BazaarWorks, also denies the existence of the agreement. (Third Bratengen Aff. ¶ 2; Third Sonnad Aff. ¶ 3). The Defendant had produced a document entitled Partnership Agreement with the names of By Design and BazaarWorks, but it was unsigned and otherwise incomplete. (Dutta-Roy Aff. Ex. A).

The Plaintiff contended it hired Sonnad to maintained the bydesignfurniture.com website from its inception in 1999 through April 2012, and only learned that it did not hold the domain's registration when the Defendant let the registration expire on April 9, 2012. When the registration for the bydesignfurniture.com website lapsed, the Plaintiff demanded that the Defendant turn

over the domain name. The Defendant refused and renewed his registration to the domain name on April 20, 2012. And on April 26, 2012, he registered the bydesignfurniture.org, bydesignfurnitures.com, and bydesign-furnitures.com domain names in his own name. (See Sorensen Decl. ¶¶ 1215; 20-23).

The Plaintiff accordingly demanded that the Defendant turn over the domain names at issue and that the Court award damages pursuant to the Anticybersquatting Consumer Protection Act ("ACPA"). The Defendant contended that his initial registration of the bydesignfurniture.com domain name was made before the ACPA went into effect, that there is at least an issue of fact as to whether "by design furniture" is a trade name or trademark associated with the Defendant, and that the Defendant's actions have been consistent with the Partnership Agreement.

The Plaintiff had filed two motions for summary judgment [Docs. 57, 58]. The first partial motion sought summary judgment on its claim under the ACPA. The second motion sought summary judgment on the Defendant's counterclaims for breach of contract, unjust enrichment, quantum meruit, for an equitable accounting, and for attorney's fees. The Defendant is proceeding pro se. On March 31, 2013, the Court held a hearing and granted the Plaintiff's motion for a preliminary injunction prohibiting the Defendant from doing anything with the bydesignfurniture.com domain name that would restrict the public's access to it, from transferring

ownership of the domain name to anyone other than the Plaintiff, and from otherwise altering the status quo. [Doc. 53]. The Defendant filed motions to delay summary judgment and to compel mediation, which the Court denied. [Docs. 37, 61]. On October 22, 2013 the Court granted the Plaintiff's Motion for Partial Summary Judgment [Doc. 57] and the Plaintiff's Motion for Summary Judgment on the Defendant's Counterclaims [Doc. 58], for the reasons set forth in the Court's Order and Opinion [Doc. 69] and therein, further ordered the Defendant to turn over the registration of the domain names bydesignfurniture.com, bydesignfurniture.org, bydesignfurnitures.com, and bydesign-furnitures.com to the Plaintiff within fourteen (14) days of the date of the Order and Opinion [Doc. 69].

Thereafter, on November 5, 2013 the Defendant filed two motions, a motion to stay the Court Order issued on October 23, 2013, and a motion for reconsideration of the Court order issued on October 23, 2013 [Docs. 71, 72]. The Defendant, additionally on November 19, 2013, filed a Notice of Appeal [Doc. 76] as to the Order and Opinion [Doc. 69] and the Clerk's Judgment thereon [Doc. 70], the same day the Plaintiff had filed its Motion [Doc. 75] to Alter the Order and Opinion [Doc. 69] and the Clerk's Judgment thereon [Doc. 70].

On November 22, 2013, the USCA acknowledged the Defendant's Notice of Appeal [Doc. 76] and this case was appealed to the USCA-11th Circuit, Case No. 13-

15309-A [Doc. 80]. The Defendant's motions for stay and reconsideration [Docs. 71, 72] were denied by the Court on November 26, 2013 for lack of jurisdiction [Doc 81].

The Defendant, on December 18, 2013, filed another motion [Doc 84] to set aside the Order and Opinion [Doc. 69] and the Clerk's Judgment thereon [Doc. 70]. On January 6, 2014, the Plaintiff moved for an Order to Show Cause [Doc. 87] as to why the Defendant should not be held in contempt of the Order and Opinion [Doc. 69] and the Clerk's Judgment thereon [Doc. 70]. Two days later the Court ruled on the Plaintiff's motion to Alter [Doc. 75] and the Defendant's motion to set aside [Doc. 84], granting the former and awarding the Plaintiff $4,000 in statutory damages under ACPA, and denying the later for the reasons set for in the Court's Opinion and Order thereon [Doc. 88].

Consistent with the Defendant's litigiousness, the Defendant filed a notice of Appeal, his second, [Doc. 89] and a motion [Doc. 93] for reconsideration and to alter the Court's Opinion and Order [Doc. 88], on January 16, 2014. The Defendant's motion [Doc. 93] for reconsideration and to alter the Court's Opinion and Order [Doc. 88] was denied by the Court on February 26, 2014 for the reason set forth in the Court's Order [Doc. 96].

On March 5, 2014, the Court, after a hearing on the same day, issued the Court's Order [Doc. 98] on the Plaintiff's motion to Show Cause [Doc. 87], again ordering the

Defendant to transfer the domain names, and awarding attorney fees to the Plaintiff in the amount of $2,150.00.  The Order [Doc. 98] was subsequently vacated in part on January 29, 2018, [Doc. 134] as to the award of attorney fees to the Plaintiff consistent with the October 20, 2017 opinion of the USCA-11th Circuit upon Defendant's appeal [Doc. 101] to the USCA-11th Circuit, Case No. 15-14859.

On March 18, 2014, the Defendant filed his third notice of Appeal in this case [Doc. 101] appealing the Court's Order [Doc. 98].

On March 24, 2014, the Plaintiff filed its notice of non-compliance [Doc. 105] as the Defendant had still yet to obey the Court's Order to transfer the domain names [Doc. 98].  The following day the Court issued an Order to set a show cause hearing for April 4, 2014 as to why the Defendant should not be taken into custody immediately for contempt of court and willful failure to comply with Orders of this Court [Doc. 106].  On March 27, 2014 the Defendant filed his motion to stay the hearing [Doc. 108].  On April 4, 2014 the Defendant's motion to stay [Doc. 108] was denied by the Court [Doc. 110].

At the hearing on April 4, 2014, the Defendant was found in contempt of Court, was Ordered to be taken into custody, however the Defendant then transferred the domain names and the Court released the Defendant from custody [Doc. 111].

On May 5, 2015, despite the fact two appeals based upon three notices of appeal [Docs. 76, 89, 101] were now pending in the USCA-11th Circuit, the Defendant again filed a motion [Doc. 114], duplicative of the Defendant's past motions, to vacate the Orders and Opinions of the Court [Docs. 69, 88, 98]. On May 26, 2015, the Court denied the motion of the Defendant to vacate [Doc. 114] as untimely [Doc. 115].

The notice of appeal of the Defendant [Doc. 101] was acknowledged by the USCA-11th Circuit on November 3, 2015 [Doc. 116] and assigned Case No. 15-14859.

On April 14, 2015, the Defendant's appeal [Doc. 69] in Case No. 13-15309-A was scheduled for oral argument before the USCA-11th Circuit, and subsequently on December 15, 2015 the USCA-11th Circuit issued its opinion [Doc. 117] affirming the Court's issuance of an injunction against the Defendant [Doc 69].

On October 20, 2017, after the filing of numerous, extensive and unmerited motions in the USCA-11th Circuit, the USCA-11th Circuit issued its opinion in Case No. 15-14859 [Doc. 129] affirming the finding of contempt against the Defendant and vacating the award of attorney fees to the Plaintiff. On November 27, 2017, the Defendant once again filed another motion with the Court [Doc. 131] this time moving to "adjudicate" all claims purportedly under the authority of Fed. R. Civ. P. 60(b). On January 29, 2018, the Court denied the Defendant's motion [Doc. 131] for the reasons

stated in the Court's Order [Doc. 135]. Additionally, this same day, as set forth above, the Court entered an Order [Doc. 134] vacating the award of attorney fees to the Plaintiff consistent with the October 20, 2017 opinion of the USCA-11th Circuit.

On March 19, 2018, the Plaintiff filed its motion to amend the Plaintiff's Complaint [Doc. 141], seeking to terminate this litigation at the District Court level. In response, the Defendant on March 26, 2018 and April 12, 2018 filed, respectively, a motion for a conference [Doc. 142] and the Defendant's own motion to "amend complaint" [Doc. 143]. On July 19, 2017 the Defendant filed a motion for a temporary restraining order [Doc. 144] against a non-party which was seeking to foreclose on real property of the Defendant. On July 23, 2018 the Court ruled on each of the forgoing motions [Docs. 141, 142, 143, 144] granting the Plaintiff's motion to amend the Plaintiff's complaint, and denying the Defendant the relief sought by each of the Defendant's motions [Doc 145], directing counsel for the Plaintiff to submit a proposed final judgment in favor of the Plaintiff consistent with the prior Orders of the Court and the Court of Appeals. On July 24, 2018, Plaintiff filed its Amended Complaint [Doc. 146].

## II. Discussion

    A.    The Plaintiff's Motion for Partial Summary Judgment Under the ACPA

The standard for the grant or denial of summary judgment and the reasoning, opinion, and discussion concerning the grant of Plaintiff's Motion for Partial Summary Judgment Under the ACPA [Doc. 57] are set forth in full in the Court's Order and Opinion dated October 22, 2013 [Doc. 69] and the same is incorporated within this Final Order as if fully set forth herein.

B.  The Plaintiff's Motion for Summary Judgment on the Defendant's Counterclaims

The standard for the grant or denial of summary judgment and the reasoning, opinion and discussion concerning the grant of the Plaintiff's Motion for Summary Judgment on the Defendant's Counterclaims [Doc. 58] are set forth in full in the Court's Order and Opinion dated October 22, 2013 [Doc. 69] and the same is incorporated within this Final Order as if fully set forth herein.

C.  USCA-11th Circuit, Case No. 13-15309-A

The USCA-11th Circuit, in Case No. 13-15309-A stated correctly that the Defendant appeal[ed] these two decisions [the injunction requiring Monosij Dutta-Roy to transfer to Jysk four domain names and the grant of Plaintiff's Motion for Summary Judgment on the Defendant's Counterclaims] pursuant to 28 U.S.C. § 1291 as if, together, they constitute a final judgment in the case. [But] they do not because still pending resolution in the District Court are claims the Plaintiff brought against the

Defendant under §§ 43(a) and (c) of the Lanham Act, 15 U.S.C. §§ 1125(a) and (c), and state law. *Jysk Bed'N Linen v. Dutta-Roy*, 810 F.3d 767 at 771 (11th Cir., 2015). The USCA-11th Circuit ultimately determined that while it lacked jurisdiction to entertain the Defendant's appeal under § 1291 it did have jurisdiction under 28 U.S.C. § 1292(a)(1) to review this Court's injunction, and in exercising that jurisdiction, found no merit in the Defendant's challenges to the injunction and therefore affirmed. Id. at 771.

    D.    <u>USCA-11th Circuit, Case No. 15-14859</u>

During the pendency of the appeal in the USCA-11th Circuit, Case No. 13-15309-A, the Defendant had filed two additional notices of appeal [Docs. 89, 101] which resulted in USCA-11th Circuit, Case No. 15-14859. The practical effect of the subsequent appeals by the Defendant was to divest this Court of jurisdiction, with the exception of the Court retaining jurisdiction over Plaintiff's motion to alter or amend judgment [Doc. 75] pursuant to the Federal Rules of Appellate Procedure, which is set forth more fully in the Court's Order and Opinion dated January 8, 2014 [Doc. 88] which said Order and Opinion is incorporated within this Final Order as if fully set forth herein. Additionally, pursuant to the October 20, 2017 Opinion of the USCA-11th Circuit, in Case No. 15-14859 [Doc. 129] even though the Defendant had appealed the Court's order granting partial summary judgment, the Court retained

10

jurisdiction to enforce the order, which required him to transfer disputed domain names to the Plaintiff. Absent entry of a stay on appeal, the [Court] retains jurisdiction to enforce its orders. *Sergeeva v. Tripleton Int'l Ltd.,* 834 F.3d 1194, 1201-02 (11th Cir. 2016).

The USCA-11th Circuit in this appeal, determined as it had prior, that a district court's order is not a final and appealable order under 28 U.S.C. § 1291 if it does not resolve all pending claims against all parties. *Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of the Univ. Sys. of Ga.,* 633 F.3d 1297, 1306 (11th Cir. 2011). This was because pending resolution in the Court at the time were claims the Plaintiff brought against the Defendant under §§ 43(a) and (c) of the Lanham Act, 15 U.S.C. §§ 1125(a) and (c), and state law.

The Defendant in this appeal raised a number of arguments challenging all of the Court's previous orders, as well as several state court garnishment actions, assigning error in all orders that have been entered in this case and contending that they were all reviewable in this appeal. As set forth above, the Defendant was wrong in his contention, and the USCA-11th Circuit determined that the only order properly before the USCA-11th Circuit was the order holding the Defendant in contempt, imposing a prospective fine, and ordering him to pay attorney's fees. *Combs v. Ryan's Coal Co.,* 785 F.2d 970, 976 (11th Cir. 1986).

The USCA-11th Circuit issued its opinion in Case No. 15-14859 [Doc. 129] affirming the finding of contempt against the Defendant and vacating the award of attorney fees to the Plaintiff, and remanding the attorney's fees order for further consideration. Consistent with the Opinion of USCA-11th Circuit [Doc. 129] the Order [Doc. 98] was subsequently vacated in part on January 29, 2018, [Doc. 134] as to the award of attorney fees to the Plaintiff. In that Order [Doc. 134], the Court stated that if the Plaintiff continues to seek an award of attorney fees, it must file an application in great detail with supporting affidavits. To date, the Plaintiff has not filed an application and the Plaintiff indicates that it no longer desires to continue with the matter of attorney fees, therefore the Court reaffirms its Order of January 29, 2018, [Doc. 134] that the prior award of attorney fees to the Plaintiff in the amount of $2,150 is VACATED.

E.    Plaintiff's Amended Complaint

All Mandates of the USCA-11th Circuit, [Docs. 127, 136] having been issued and filed of record, the Court once again has jurisdiction the present lawsuit. In the 11th Circuit, the general rule is "the filing of a timely and sufficient notice of appeal acts to divest the trial court of jurisdiction over the matters at issue in the appeal, except to the extent that the trial court must act in aid of the appeal." *Shewchun v. United States,* 797 F.2d 941, 942 (11th Cir. 1986) (per curiam); *accord, Griggs v.*

*Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982) (per curiam); *Pacific Ins. Co. v. General Development Corp.,* 28 F.3d 1093, 1096 n.7 (11th Cir. 1994). The purpose of the rule is to promote judicial economy and avoid the confusion and inefficiency that would result from two courts considering the same issues at the same time. *See* 20 J. Moore *et al.,* Moore's Federal Practice § 303.32[1] (3d ed. 2009). Fed. R. Civ. P. 62(c) codifies this rule. As a result of the Plaintiff having been denied the opportunity prior to move to amend its Complaint, due to the divesture of jurisdiction of the Court through the appeals of the Defendant, the Plaintiff on March 19, 2018, moved the Court to amend its Complaint [Doc. 141]. the Plaintiff's reasoning for its motion to amend was twofold.

The first being that, in its Complaint, the Plaintiff alleged facts and causes of action related to only the Defendant's registration of bydesignfurniture.com. The Plaintiff never amended its complaint to allege anything about the registrations of bydesignfurniture.org, bydesignfurnitures.com, or bydesign-furnitures.com, prior to moving for summary judgment. In light of *Flintlock Const. Services, LLC* 710 F.3d1221, 1227-28 (11th Cir. 2013) (explaining that "we refuse [] to consider ... additional facts" not alleged in the complaint even though "[t]he defendants d[o] not object" and "the district court ... appear[s] to have considered the additional facts as if they had been alleged in the complaint") (citing *GeorgiaCarry.Org, Inc. v.*

*Georgia,* 687 F.3d 1244,1258 n.27 (11th Cir. 2012)), the question was raised in an April 6, 2015 *Memorandum to Counsel and Parties* from the USCA-11th Circuit, in Case No. 13-15309-A, if the district court could properly grant a summary judgment in favor of the Plaintiff on causes of action related to the three additional domain names. This issue was not addressed by the USCA-11th Circuit opinion [Doc. 117]. The Plaintiff desiring to not provide fodder for the Defendant on his next anticipated appeal (i.e. Defendant's coming appeal of this Final Order), added to its amended Complaint the factual basis concerning the Defendant's April 26, 2012, registration of the domain names *bydesignfurniture.org*, *bydesignfurnitures.com*, and *bydesign-furnitures.com*.

    The second rational of the Plaintiff was to terminate this litigation, finally, with the Court. Addressing the issued raised by the USCA-11th Circuit in both opinions [Docs. 117, 129], the pending resolution in the Court of claims Plaintiff brought against Defendant under §§ 43(a) and (c) of the Lanham Act, 15 U.S.C. §§ 1125(a) and (c), and state law, the Plaintiff amended its Complaint to remove the forgoing causes of action, leaving only its cause of action under the ACPA, which was previously decided in favor of the Plaintiff per the Order and Opinion of the Court [Doc. 69].

    The Plaintiff's motion to amend the Complaint was granted [Doc. 145] on July 23, 2018 and the next day the Plaintiff filed its Amended Complaint [Doc. 146].

III. Conclusion

It is apt and proper, now that this litigation has finally reached its termination in the Court, that the Court reiterates that the Defendant has throughout demonstrated a history of abusive litigation, including the filing of frivolous motions, has repeatedly ignored the Local Rules, and has openly, willfully, and without any justification defied Court Orders. It is only through the leniency of the Court, with respect to pro se defendants, that the Defendant did not find himself sanctioned for his abusive and egregious conduct. In light of the amendment of the Plaintiff's Complaint the Court finds that since all of the claims of the Plaintiff have been previously adjudicated, all of the counter-clams of the Defendant have been previously dismissed [Doc. 69], the Defendant having relinquished control of, and having transferred to Plaintiff the four domain names, and the Court and the USCA-11th Circuit having have both previously determined that Defendant's actions are those of a cybersquatter, and therefore granting an injunction to Plaintiff fulfills Congress's policy goals in enacting the ACPA, there are no further issues left to be decided between the parties, therefore after approximately six years of litigation:

IT IS ORDERED, ADJUDGED, AND DECREED that this ORDER in conjunction with in the Court's ORDER AND OPINION dated October 22, 2013 [Doc. 69] (which is fully incorporated herein as if fully set forth) and as modified by

the Court's OPINION AND ORDER dated January 8, 2014, awarding the Plaintiff $4,000 in statutory damages under ACPA [Doc. 88] is and shall be the FINAL ORDER of the Court.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

SO ORDERED, this _15_ day of _August_, 2018.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge